UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**04  10805 RCL**

MAGISTRATE JUDGE _Bowler_

---

ALICIA ALLEN,
                Plaintiff,

v.

SUNBRIDGE HEALTHCARE CORPORATION,
                Defendant.

Civil Action

RECEIPT # _55445_
AMOUNT $ _150_
SUMMONS ISSUED _N/A_
LOCAL RULE 4.1 _1_
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK _A.O.M_
DATE _4/22/04_

## NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

SunBridge Healthcare Corporation respectfully submits that:

1.    On or about March 29, 2004, Plaintiff caused to be served upon SunBridge Healthcare Corporation a Summons and Complaint and Request for Trial by Jury, together with related papers and discovery requests in the matter entitled Alicia Allen v. SunBridge Healthcare Corporation, (Commonwealth of Massachusetts, Suffolk Superior Court, Civil Action No. 04-0907A). Copies of the above-described documents are attached hereto as Exhibit A.

2.    The documents attached as Exhibit A constitute all process, pleadings and orders served upon Defendant in this matter to date.

3.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. Section 1332, because the action is between parties with a diversity of citizenship and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Plaintiff states she is a resident of the Commonwealth of Massachusetts. Defendant is a New Mexico corporation with its principal place of business in Albuquerque, New Mexico.

4.     Defendant will notify the Suffolk Superior Court and all adverse parties of this

Notice of Removal by filing with the court a Notice of Filing of Notice of Removal.  A copy of

that notification, which will be sent to the Suffolk Superior Court, is attached hereto as Exhibit

B.

Respectfully submitted,

SUNBRIDGE HEALTHCARE CORPORATION
By its attorneys,


_____

David J. Kerman (BBO# 269370)
Kavita M. Goyal (BBO #654013)
JACKSON LEWIS LLP
75 Park Plaza, 4th Floor
Boston, MA 02116
Date: April 22, 2004               (617) 367-0025

### CERTIFICATE OF SERVICE

A copy of the above document was served this 22 day of April 2004, by first class mail, postage prepaid, to attorney for the Plaintiff, Peter Callahan, Esq., Dixon & Associates, 599 Canal Street, 5th Floor-West, Lawrence, MA 01840.

_____

Jackson Lewis LLP

EXHIBIT A


CT System

Service of Process Transmittal Form
Boston, Massachusetts

03/29/2004

Via Federal Express (2nd Day)

TO:    David Harvey Corporate Counsel
       Sun Healthcare Group, Inc.
       101 Sun Avenue NE
       Albuquerque, NM 87109

RECEIVED
MAR 31

RE:    PROCESS SERVED IN MASSACHUSETTS

FOR    SunBridge Healthcare Corporation Domestic State: NM

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

1. TITLE OF ACTION:              Alicia Allen, Phd. vs Sunbridge Healthcare Corportion, Deft.

2. DOCUMENT(S) SERVED:           Summons, Complaint

3. COURT:                        Commonwealth of Massachusetts, Suffolk Superior Court Dept. of the Trial Court
                                 Case Number 04-0007A

4. NATURE OF ACTION:             Employment Discrimination- Seeks $3,482.74 in damages

5. ON WHOM PROCESS WAS SERVED:   CT Corporation System, Boston, Massachusetts

6. DATE AND HOUR OF SERVICE:     By Process server on 03/29/2004 at 11:13

7. APPEARANCE OR ANSWER DUE:     Within 20 Days

8. ATTORNEY(S):                  Peter Callahan
                                 Dinno & Assoc.
                                 590 Canal St.
                                 6th Fl-W
                                 Lawrence, MA 01840

9. REMARKS:          E-Note sent 03/29/2004 to VANESSA.NAVARRETTE@SUNH.COM

CC:    Vanessa Navarrette Legal Assistant          SIGNED    CT Corporation System
       Sun Healthcare Group, Inc.                  PER       Christine Bonney
       101 Sun Avenue NE                           ADDRESS   101 Federal Street
       Albuquerque, NM 87100                                 Boston, MA 02110
                                                             CCSOP WS 0006182540

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

# Commonwealth of Massachusetts

**SUFFOLK, ss.**



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 04-0907A

ALICIA ALLEN _____ , Plaintiff(s)

v.

SUNBRIDGE HEALTHCARE CORPORATION _____ , Defendant(s)

## SUMMONS

To the above-named Defendant: SUNBRIDGE HEALTHCARE CORPORATION

You are hereby summoned and required to serve upon PETER CALLAHAN, ESQ., DIXON & ASSOCIATES _____ 599 CANAL ST, 5TH FL-W, LAWRENCE, MA _____ , an answer to plaintiff's attorney, whose address is _____ , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the ____13TH____ day of
FEBRUARY _____ , in the year of our Lord two thousand ____AND FOUR____ .

*Michael Joseph Donovan*

Clerk/Magistrate

True copy attest:
3/29/04
Deputy Sheriff Suffolk County

**NOTICE TO DEFENDANT** — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

`APR-02-2004  16:33` 505 858 4398 P.16/48

# CIVIL ACTION
# COVER SHEET

04-0907A

County: SUFFOLK

FF(S)

ALICIA ALLEN

DEFENDANT(S)

SUNBRIDGE HEALTHCARE CORPORATION

NEY, FIRM NAME, ADDRESS AND TELEPHONE PETER CALLAHAN,
N & ASSOCIATES, 599 CANAL STREET, 5TH FL-
AWRENCE, MA 01840 (978) 794-1623

ATTORNEY (if known)

UNKNOWN

of Bar Overseers number: 558910

Origin code and track designation

e an x in one box only:
- 1. F01 Original Complaint
- 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 80) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

DE NO.          TYPE OF ACTION (specify)        TRACK        IS THIS A JURY CASE?

22          EMPLOYMENT DISCRIMINATION F )        (XX ) Yes        ( ) No

e following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine
oney damages. For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
(Attach additional sheets as necessary)

| | | |
|---|---|---|
| Documented medical expenses to date: | | $ 2,820.74 |
| 1.  Total hospital expenses | | $ |
| 2.  Total Doctor expenses | | $ |
| 3.  Total chiropractic expenses | | $ 662.00 |
| 4.  Total physical therapy expenses    AMBULANCE | | $ |
| 5.  Total other expenses (describe) | Subtotal | $ 3,482.74 |
| Documented lost wages and compensation to date | TO BE DETERMINED | $ |
| Documented property damages to date | | $ |
| Reasonably anticipated future medical and hospital expenses | | $ |
| Reasonably anticipated lost wages | | $ |
| Other documented items of damages (describe) | | $ |

Brief description of plaintiff's injury, including nature and extent of injury (describe)
The plaintiff was the subject of demeaning and harassing behavior by her
employer based upon her sexual orientation, Lesbian, and national origin,
Jamaican. Extreme emotional distress which exact value must be ascertained     $
by the finder of fact. The Superior Court has exclusive jurisdiction    TOTAL $ 3,482.74
over the plaintiff's cause of action against the defendant.    151B/214 51C

## CONTRACT CLAIMS
(Attach additional sheets as necessary)

rovide a detailed description of claim(s):

TOTAL $ 3,482.74

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR
COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on
Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute
resolution services and discuss with them the advantages and disadvantages of the various methods."

DATE: 2-2-04

Signature of Attorney of Record _Peter Callahan_

IOTC-6 mtc005-11/99

# Commonwealth of Massachusetts
## Trial Court

### Superior Court Department
### (Essex Division)
## UNIFORM COUNSEL CERTIFICATION
## FOR CIVIL CASES

Case Name <u>ALICIA ALLEN VS. SUNBRIDGE HEALTHCARE CORPORATION</u>    Docket # <u>04-0907A</u>

I am attorney-of-record for: <u>PLAINTIFF, ALICIA ALLEN</u>
plaintiff/defendant/petitioner in the above-entitled matter.

·In accordance with Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution
(SJC Rule 1:18) which states in part: "...Attorney shall: provide their clients with this information
about court-connected dispute resolution services; discuss with their clients the advantages and
disadvantages of the various methods of dispute resolution; and certify their compliance with this
requirement on the civil cover sheet or its equivalent . . ., " I hereby certify that I have complied
with this requirement.

_____
Signature of Attorney-of-Record


_____
PETER CALLAHAN, ESQ.
Print Name

B.B.O. #_____558910_____

Date: _____2/27/04_____

This certification may be filed by counsel as is, or this text may be incorporated into a form
currently in use at the initiation of a case (e.g., civil cover sheet, appearance form, etc.), as
determined to be appropriate in each department of the Trial Court. Plaintiff's/ Petitioner's
counsel shall file this document at the time his/her initial pleading is filed. All counsel shall file
it within thirty (30) days of his/her initial entry into the case whether by answer, motion,
appearance slip or other pleading.

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT DEPARMENT
DOCKET #: 04-0907A

```
********************************
ALICIA ALLEN,                  *
PLAINTIFF                      *
                               *
VS.                            *
                               *
SUNBRIDGE HEALTHCARE           *
CORPORATION,                   *
DEFENDANT                      *
********************************
```

## COMPLAINT AND REQUEST FOR TRIAL BY JURY

### PARTIES

1.    The Plaintiff Alicia Allen is an individual who resides in Haverhill, Essex County, Massachusetts;

2.    The Defendant Sunbridge Healthcare Corporation is a New Mexico corporation which owns and/or manages a Lawrence, Massachusetts provider of nursing and rehabilitative services known as the Wood Mill Rehabilitation and Nursing Center, 800 Essex Street, Lawrence, MA.

### COUNT I/BREACH OF M.G.L. C. 151B. §4. ¶1

3.    From January 16, 2002 up through July 2003, the Plaintiff Alicia Allen was employed at the Defendant's Wood Mill Rehabilitation and Nursing Center at its Lawrence, MA facility as a Certified Nursing Assistant (here-in-after referred to as Wood Mill);

4.    From September 2002 through July 2003, the Plaintiff Allen was the subject of sexually derogatory and racial slurs based upon her sexual orientation (Lesbian) and race (Jamaican) from co-employees at Wood Mill, forcing her to seek the assistance of management;

1

5.    Despite receiving complaints from the Plaintiff Allen, management at defendant's Wood Mill facility failed to take the appropriate remedial action in order to ensure that the racial and sexually derogatory comments ceased and Ms. Allen was provided with a professional work environment;

6.    As a direct and proximate result of the defendant's failure to properly address this derogatory and hostile work environment, Ms. Allen suffered emotional distress, sought medical care, incurred medical bills and lost time from work;

7.    The Defendant's Wood Mill facility breached its obligations to Plaintiff Allen by failing to provide her with a workplace that was free from a racially charged and sexually derogatory atmosphere as required by M.G.L. c. 151B, §4, ¶1;

8.    As a direct and proximate result of the defendant's breach of its obligations under G.L. c. 151B, §4, ¶1, the Plaintiff Allen suffered extreme emotional distress, bodily injury, medical bills and lost wages.

WHEREFORE, the Plaintiff Alicia Allen respectfully requests that this Honorable Court enter a judgment against the Defendant Sunbridge Healthcare Corporation in an amount that it deems appropriate under the circumstances to compensate the Plaintiff Alicia Allen for her emotional distress, bodily injury, lost wages and medical bills as well as award all interest, costs and expenses.

## COUNT II/BREACH OF M.G.L. C. 151B, §4, ¶16A

The Plaintiff Allen hereby re-alleges the previous paragraphs of her Complaint and incorporates them by reference into this count against the Defendant Sunbridge Healthcare Corporation.

9.    From approximately September 2002 through July of 2003, the Plaintiff Allen was the subject of derogatory and humiliating comments and remarks from co-workers based upon her sexual orientation (lesbian) while employed at the Defendant's Wood Mill facility;

2

10.    The Plaintiff Allen made repeated requests to her supervisors at the Defendant's Wood Mill facility to address and rectify this sexually degrading atmosphere at her place of employment;

11.    Despite the plaintiff's requests, the defendant's Wood Mill management failed to take the appropriate remedial measures, and the sexually harassing and derogatory comments continued, in violation of M.G.L. c. 151B, §4, ¶16A;

12.    As a direct and proximate result of the defendant's breach of M.G.L. c. 151B, §4, ¶16A, the Plaintiff Allen sustained bodily injury, lost wages, medical bills and extreme emotional distress.

WHEREFORE, the Plaintiff Alicia Allen respectfully requests that this Honorable Court enter a judgment against the Defendant Sunbridge Healthcare Corporation in an amount that it deems appropriate under the circumstances to compensate the Plaintiff Alicia Allen for her bodily injury, extreme emotional distress, medical bills and lost wages as well as award all interest, cost and expenses.

## COUNT III/BREACH OF M.G.L. C. 214, §1C

The Plaintiff Allen re-alleges the previous paragraphs of her complaint and hereby incorporates them by reference against the Defendant Sunbridge Healthcare Corporation.

13.    From approximately September 2002 through July 2003, the plaintiff was the subject of derogatory and humiliating comments from her co-employees concerning her sexual orientation (lesbian);

14.    Despite the plaintiff's complaints to her supervisors to address and alleviate this sexually degrading harassment, the Defendant's Wood Mill management failed to take the appropriate remedial measures to ensure that Ms. Allen was provided a professional work environment in violation of M.G.L. c. 214, §1C;

15.  As a direct and proximate result of the defendant's breach of M.G.L. c. 214, §1C, the plaintiff suffered extreme emotional distress, bodily injury, lost wages and medical bills;

WHEREFORE, the Plaintiff Alicia Allen respectfully requests that this Honorable Court enter a judgment against the Defendant Sunbridge Healthcare Corporation in the amount it deems appropriate under the circumstances to compensate the plaintiff for her bodily injury, extreme emotional distress, lost wages and medical bills as well as award all interest, costs and expenses.

## COUNT IV/NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

The Plaintiff Allen re-alleges the previous paragraphs of her complaint and hereby incorporates them by reference against the Defendant Sunbridge Healthcare Corporation.

16.  From approximately September 2002 through July of 2003, the Plaintiff Allen was the subject of degrading and humiliating harassment based upon her sexual orientation and national origin while employed at the Defendant's Wood Mill facility;

17.  As a result of the degrading and harassing comments at work, the Plaintiff Allen complained to the appropriate supervisors at the Defendant's Wood Mill facility;

18.  Despite the plaintiff's complaints to rectify the degrading and harassing work atmosphere, the Defendant's Wood Mill management failed to take the appropriate action and the harassment continued;

19.  As a direct and proximate result of the defendant's failure to take the appropriate actions concerning the sexually harassing and degrading work environment, the plaintiff suffered intense emotional distress which resulted in her bodily injury, medical bills and lost wages;

4

WHEREFORE, the Plaintiff Alicia Allen respectfully requests that this Honorable Court enter a judgment against the Defendant Sunbridge Healthcare Corporation in an amount that it deems appropriate for its negligent infliction of emotional distress upon her as well as award all interest, costs and expenses.

## PLAINTIFF REQUESTS TRIAL BY JURY ON ALL COUNTS

Respectfully submitted,
Plaintiff through counsel,

Date: _____3/1/04_____

Simon Dixon, Esquire
DIXON & ASSOCIATES
599 Canal Street, 5th Floor – West
Lawrence, MA 01840
978-794-1623
BBO#: 546343

Complaint 1-21-04

5

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.
                               SUPERIOR COURT DEPARMENT
                               DOCKET #:  04-0907A

```
*******************************
ALICIA ALLEN,                  *
PLAINTIFF                      *
                               *
VS.                            *
                               *
SUNBRIDGE HEALTHCARE           *
CORPORATION,                   *
DEFENDANT                      *
*******************************
```

## PLAINTIFF ALICIA ALLEN'S FIRST SET OF INTERROGATORIES TO THE DEFENDANT SUNBRIDGE HEALTHCARE CORPORATION

The plaintiff requests that the **Defendant Sunbridge Healthcare Corporation** answer the following interrogatories by filing and serving his answers on plaintiff's attorney, Peter Callahan, Esq., Dixon & Associates, 599 Canal Street, 5th Floor — West, Lawrence, MA 01840.

In answering each of the following interrogatories, you are required to make such inquiry of your principals, agents, servants and attorneys as will enable you to make complete and true answers to interrogatories, and examine all bills, letters, files and any other documents which in any way refer to the transaction reported to have taken place.

Also, in answering each of the following interrogatories:

(a)     Identify any document relied upon on which forms a basis for the answer given by date, sender, recipient, location and custodian; and

(b)     State whether the information furnished is within the personal knowledge of the person answering and, if not, give the name of each person to whom the information is a matter of personal knowledge; and

1

(c)    Identify each person who assisted or participated and/or supplying any of the information given in answering the interrogatories by supplying the name and addresses of each such person.

For the purpose of these interrogatories, the following definitions apply:

(a)    The term "document" as used herein includes: writing, drawings, graphs, charts, photographs, recordings, data compilation (translated if necessary by the respondent through dictation devices into reasonable usable form), contracts, agreements, correspondence, memoranda, reports, notes, requests, bills, orders, notices, writs, declarations, complaints, answers, and other films, newspaper clippings, and all other writings and recordings of whatever nature, whether signed or unsigned, transcribed or not and whether or not any privilege is asserted; and

(b)    The term "defendant" and "you" or "your" includes defendants, principals, agents, counsel, employees, officers, trustees, partners, or other persons acting for or on behalf of the defendants.

## INTERROGATORIES

1.    In complete and full detail, please recite the following with respect to the plaintiff's employer while she was working at 800 Essex Street, Lawrence, MA between January 16, 2002 and the present:

(a)    Its complete legal name on the date of answering these interrogatories;
(b)    The complete name and address of the registered agent appointed to receive civil process on its behalf.

2

2.    In complete and full detail, please provide the complete name and residential address of all supervisors of the Plaintiff Alicia Allen during the time that she was an employee at the defendant's Wood Mill facility located at 800 Essex Street, Lawrence, MA.

3.    In complete and full detail, please provide the complete name and residential address of each and every supervisor at defendant's Wood Mill facility who received complaints, either orally or in writing, from the Plaintiff Alicia Allen regarding the plaintiff's allegation that she was the subject of harassing remarks based upon either her sexual orientation or her national origin.

4.    In complete and full detail, please provide the complete name and residential address of each and every individual whom Sunbridge assigned or appointed to investigate the Complaints made by the Plaintiff Alicia Allen involving alleged harassment based upon sexual orientation and national origin.

5.    With respect to each and every expert whom you expect to call as an expert witness at the trial, kindly state the following:

(a)    Name, address, occupation and qualifications of each and every expert;

(b)    Subject matter on which each and every expert is expected to testify;

(c)    The substance of the facts and opinions on which each and every expert is expected to testify;

(d)    A summary of the grounds for each and every opinion each and every expert is expected to testify on.

6.    Please provide the complete dates upon which the Plaintiff Alicia Allen was an employee at the defendant's Wood Mill facility located at 800 Essex Street, Lawrence, MA including her rate of pay and occupation during all relevant times.

3

7.     Please provide names and residential addresses of all of defendant's Wood Mill employees at the 800 Essex Street, Lawrence, MA facility between January 16, 2002 and July 30, 2003.

8.     In complete and full detail, please provide the following concerning any and all liability insurance policies available to indemnify the Defendant Sunbridge for any and all claims made against it based upon sexual or national origin harassment and discrimination between September 1, 2002 and September 1, 2003:

(a)     The name and address of the insurance company providing said insurance;

(b)     Policy limits available as well as any exclusions;

(c)     The claim number assigned to claims brought by the instant Plaintiff Alicia Allen.

Respectfully submitted,
Plaintiff through counsel,

Date:      3/8/04

Peter Callahan, Esq.
DIXON & ASSOCIATES
599 Canal Street
5th Floor – West
Lawrence, MA 01840
978-794-1623
BBO#: 558910

Ints to Def 1-22-04

4

# COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT DEPARMENT
DOCKET #:  04-0907A

```
*****************************
                            *
ALICIA ALLEN,               *
PLAINTIFF                   *
                            *
                            *
VS.                         *
                            *
SUNBRIDGE HEALTHCARE        *
CORPORATION,                *
DEFENDANT                   *
*****************************
```

## PLAINTIFF ALICIA ALLEN'S REQUEST FOR PRODUCTION OF DOCUMENTS FROM THE DEFENDANT SUNBRIDGE HEALTHCARE CORPORATION

Plaintiff requests Defendant **SUNBRIDGE HEALTHCARE CORPORATION** to produce the following documents within thirty (30) days, in accordance with Mass.R.Civ.P. 34, onto the office of plaintiff's attorney, Peter Callahan, 599 Canal Street, 5th Floor – West, Lawrence, MA  01840.

As used herein, any references to "you" or the "defendant" includes any and all agents, employees, servants, attorneys or other persons acting under the control or on behalf of the defendant.

## REQUESTED DOCUMENTS

1.	Copies of the complete personnel file of the Plaintiff Alicia Allen concerning her employment at the defendant's Wood Mill Rehabilitation and Nursing Center located at 800 Essex Street, Lawrence, MA.  (This request is made pursuant to M.G.L. c. 149, §52C).

2.    Copies of each and every statement of the Plaintiff Alicia Allen, either in writing or orally and reduced to writing, pertaining to her allegations of harassment based upon her sexual orientation and national origin, in the possession, custody or control of the Defendant Sunbridge, its agents, servants and/or employees.

3.    Copies of each and every statement obtained by the Defendant Sunbridge, its agents, servants and/or employees, from any witness during its investigation into the allegations made by the plaintiff Alicia Allen that she was the subject of discriminatory harassment based upon her national origin and sexual orientation.

4.    Copies of each and every e-mail, interoffice memorandum or letter generated as a result of the investigation implemented by the Defendant Sunbridge, its agents, servants and/or employee in response to the Plaintiff Alicia Allen's allegations that she was the subject of harassment based upon her sexual orientation and national origin in the possession, custody or control of Sunbridge.

5.    Copies of each and every document evidencing Sunbridge's policies and procedures concerning sexual harassment and national origin harassment which was in effect between January 2002 and July 2003 for its Wood Mill facility located at 800 Essex Street, Lawrence, MA.

6.    Copies of each and every report, statement, e-mail or document generated by Mr. Chris Gillisen, Administrator at Sunbridge's Lawrence, MA facility pertaining to the allegations made by the Plaintiff Alicia Allen that she was the subject of harassment based upon her sexual orientation and national origin.

7.    Copies of each and every statement, report, e-mail or document generated by Mayra Cashman, Director of Nursing Services, at Sunbridge's Lawrence, MA Wood Mill facility, pertaining to the allegations made by the Plaintiff Alicia Allen that she was the subject of sexual harassment based upon her sexual orientation and national origin.

8.    Copies of each and every statement obtained by the Defendant Sunbridge, its agents, servants and/or employees, from a Ms. Alex Baez, CNA, Ms. Luz Delacruz, CNA and Ms. Mary Thomas, CNA pertaining to allegations made by the Plaintiff Alicia Allen that she was the subject of discriminatory and harassing remarks based on her national origin or her sexual orientation.

9.    Copies of each and every statement obtained by the Defendant Sunbridge, its agents, servants and/or employees from a Ms. Christina Yost, Nursing Supervisor, during its investigation into the claim by Alicia Allen that she was the subject of discriminatory and harassing behavior based upon her national origin and sexually orientation.

10.   Copies of each and every first report of injury in the possession, custody or control of the Defendant Woodmill, its agents, servants and/or employees pertaining to the Plaintiff Alicia Allen's alleged fall that occurred at Sunbridge's Lawrence, MA facility on or about July 23, 2003;

11.   Copies of each and every memorandum, letter, e-mail or report or transcript evidencing the August 5, 2003 review by Wood Mill personnel of its sexual and anti-harassment policy concerning complaints of sexual or national origin harassment in the possession, custody or control of Sunbridge.

                                        Respectfully submitted,
                                        Plaintiff through counsel,


Date: _____3/8/04_____           _____Peter Callahan_____
                                        Peter Callahan, Esq.
                                        DIXON & ASSOCIATES
                                        599 Canal Street
                                        5th Floor – West
                                        Lawrence, MA 01840
                                        978-794-1623
                                        BBO#: 558910


RPD's to Def 1-22-04

3

# EXHIBIT B

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss
SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

ALICIA ALLEN,
Plaintiff,

v.

SUNBRIDGE HEALTHCARE CORPORATION,
Defendant.

Civil Action No. 04-0907A

## NOTICE OF FILING OF NOTICE OF REMOVAL

To:     Civil Clerk's Office
Suffolk County Superior Court
US Post Office & Courthouse
90 Devonshire Street, 8th Floor
Boston, MA 02109

PLEASE TAKE NOTICE that a Notice of Removal in the above action from the Superior

Court, Suffolk County, has been duly filed in the U.S. District Court for the District of

Massachusetts.  Attached hereto is a certified copy of that Notice of Removal.

Respectfully submitted,

SUNBRIDGE HEALTHCARE CORPORATION
By its attorneys,

David J. Kerman (BBO# 269370)
Kavita M. Goyal (BBO #654013)
JACKSON LEWIS LLP
75 Park Plaza, 4th Floor
Boston, MA 02116
(617) 367-0025

Date: April ___, 2004

## CERTIFICATE OF SERVICE

A copy of the above document was served this ___ day of April 2004, by first class mail, postage prepaid, to attorney for the Plaintiff, Peter Callahan, Esq., Dixon & Associates, 599 Canal Street, 5th Floor-West, Lawrence, MA 01840.

Jackson Lewis LLP