UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALICIA ALLEN,<br>       Plaintiff,<br><br>v.<br><br>SUNBRIDGE HEALTHCARE CORPORATION,<br>       Defendant. | Civil Action No. 04-10805-RCL |

## ANSWER OF DEFENDANT

Defendant SunBridge Healthcare Corporation ("SunBridge") for its Answer, hereby responds to the numbered allegations of the Complaint as follows:

### PARTIES

1. Says it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2. Admits the allegations contained in paragraph 2.

### COUNT I – BREACH OF M.G.L. c. 151B, § 4, ¶ 1

3. Admits the allegations contained in paragraph 3.

4. Denies the allegations contained in paragraph 4.

5. Denies the allegations contained in paragraph 5.

6. Denies the allegations contained in paragraph 6.

7. Denies the allegations contained in paragraph 7.

8. Denies the allegations contained in paragraph 8.

## COUNT II – BREACH OF M.G.L. c. 151B, § 4, ¶ 16A

Defendant repeats and incorporates herein by references its responses to the allegations contained in paragraphs 1-8 of the Complaint.

9.  Denies the allegations contained in paragraph 9.

10. Denies the allegations contained in paragraph 10.

11. Denies the allegations contained in paragraph 11.

12. Denies the allegations contained in paragraph 12.

## COUNT III - M.G.L. c. 214, § 1C

Defendant repeats and incorporates herein by reference its responses to the allegations contained in paragraphs 1-12 of the Complaint.

13. Denies the allegations contained in paragraph 13.

14. Denies the allegations contained in paragraph 14.

15. Denies the allegations contained in paragraph 15.

## COUNT IV – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Defendant repeats and incorporates herein by reference its responses to the allegations contained in paragraphs 1-15 of the Complaint.

16. Denies the allegations contained in paragraph 16.

17. Denies the allegations contained in paragraph 17.

18. Denies the allegations contained in paragraph 18.

19. Denies the allegations contained in paragraph 19.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by reason of her failure to exhaust her administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims in Counts III and IV are barred by reason of her statutory remedy under G.L. c. 151B.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim in Count IV is barred by the exclusivity provisions of the Massachusetts Workers' Compensation Act, G.L. c. 152, § 24.

## SIXTH AFFIRMATIVE DEFENSE

At all relevant times, Defendant has acted in good faith and has not violated any rights that may be secured to Plaintiff under Massachusetts law.

## SEVENTH AFFIRMATIVE DEFENSE

At all relevant times, Defendant has made a good faith effort to comply with its obligations under the employment discrimination statutes.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant did not know or have reason to know of the alleged harassment.

## NINTH AFFIRMATIVE DEFENSE

Defendant took immediate action to prevent and remedy any known or alleged harassment.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrines of waiver and/or estoppel.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to prevent or mitigate the damages, if any, sustained as a result of the conduct alleged in the Complaint.

WHEREFORE, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety and award Defendant its costs and expenses incurred in defending against this action, including reasonable attorney's fees.

    Respectfully submitted,

    SUNBRIDGE HEALTHCARE CORPORATION
    By its attorneys,

    /s/ Kavita M. Goyal
    David J. Kerman (BBO# 269370)
    Kavita M. Goyal (BBO #654013)
    JACKSON LEWIS LLP
    75 Park Plaza, 4th Floor
    Boston, MA 02116
Date: May 7, 2004    (617) 367-0025

**CERTIFICATE OF SERVICE**

A copy of the above document was served this 7th day of May 2004, by first class mail, postage prepaid, to attorney for the Plaintiff, Peter Callahan, Esq., Dixon & Associates, 599 Canal Street, 5th Floor-West, Lawrence, MA 01840.

    /s/ Kavita M. Goyal
    Jackson Lewis LLP