

# Commonwealth of Massachusetts
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT
FOR CIVIL BUSINESS

**Clerk's Office**
SUFFOLK COUNTY

MICHAEL JOSEPH DONOVAN
Clerk/Magistrate

BOSTON, APRIL 28, 2004

Tony Anastas, Clerk/Magistrate
United States District
Court for District of MA
United States Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

Re: ALICIA ALLEN V. SUNBRIDGE HEALTHCARE CORP.

Civil Action No. 2004-0907A

Dear Sir:

   Enclosed please find certified copy of the Petition for Removal, docket sheet and pleadings. The following pleadings are missing from our case file: P# 3.

Very truly yours,

### SUCV2004-00907
### Allen v Sunbridge Healthcare Corp

| | | | | | |
|---|---|---|---|---|---|
| File Date | 03/02/2004 | Status | Disposed: transfered to other court (dtrans) | | |
| Status Date | 04/27/2004 | Session | A Civil A | | |
| Origin | 1 | Case Type | B22 - Employment Discrimination | | |
| Lead Case | | Track | F | | |
| Service | 05/31/2004 | Answer | 07/30/2004 | Rule12/19/20 | 07/30/2004 |
| Rule 15 | 07/30/2004 | Discovery | 12/27/2004 | Rule 56 | 01/26/2005 |
| Final PTC | 02/25/2005 | Disposition | 04/26/2005 | Jury Trial | No |

#### PARTIES

**Plaintiff**
Alicia Allen
Active 03/02/2004

*Private Counsel 546343*
Simon Dixon
599 Canal Street
5th floor - West
Lawrence, MA 01840
Phone: 978-794-1623
Fax: 978-682-5556
Active 03/03/2004 Notify

**Defendant**
Sunbridge Healthcare Corp
Served: 03/29/2004
Served (answr pending) 04/12/2004

*Private Counsel 269370*
David J Kerman
Jackson Lewis LLP
75 park plaza 4th Floor
Boston, MA 02116
Phone: 617-367-0025
Fax: 617-367-2155
Active 04/27/2004 Notify

*Private Counsel 654013*
Kavita M. Goyal
75 Park Plaza 4th Floor
Boston, MA 02116
Active 04/27/2004 Notify

#### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 03/02/2004 | 1.0 | Complaint & Jury demand |
| 03/02/2004 | | Origin 1, Type B22, Track F. |
| 03/02/2004 | 2.0 | Civil action cover sheet filed |
| 03/30/2004 | 3.0 | Amended complaint of Alicia Allen (Jury demand) all issues |
| 04/12/2004 | 4.0 | SERVICE RETURNED: Sunbridge Healthcare Corp(Defendant) (In hand on 3/29/04) |
| 04/26/2004 | | Certified copy of petition for removal to U. S. Dist. Court of Deft. Sunbridge Healthcare Corporation U. S. Dist.#(04-10805RCL). |
| 04/27/2004 | | Case REMOVED this date to US District Court of Massachusetts |

. HEREBY ATTEST AND CERTIFY ON
APRIL 28, 2004 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY
ASSISTANT CLERK.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.  SUPERIOR COURT DEPARMENT
DOCKET #:  **04-0907 A**

```
*****************************
ALICIA ALLEN,                *
PLAINTIFF                    *
                             *
VS.                          *
                             *
SUNBRIDGE HEALTHCARE         *
CORPORATION,                 *
DEFENDANT                    *
*****************************
```

### COMPLAINT AND REQUEST FOR TRIAL BY JURY

### PARTIES

1. The Plaintiff Alicia Allen is an individual who resides in Haverhill, Essex County, Massachusetts;

2. The Defendant Sunbridge Healthcare Corporation is a New Mexico corporation which owns and/or manages a Lawrence, Massachusetts provider of nursing and rehabilitative services known as the Wood Mill Rehabilitation and Nursing Center, 800 Essex Street, Lawrence, MA.

### COUNT I/BREACH OF M.G.L. C. 151B, §4, ¶1

3. From January 16, 2002 up through July 2003, the Plaintiff Alicia Allen was employed at the Defendant's Wood Mill Rehabilitation and Nursing Center at its Lawrence, MA facility as a Certified Nursing Assistant (here-in-after referred to as Wood Mill);

4. From September 2002 through July 2003, the Plaintiff Allen was the subject of sexually derogatory and racial slurs based upon her sexual orientation (Lesbian) and race (Jamaican) from co-employees at Wood Mill, forcing her to seek the assistance of management;

- 1 -

5. Despite receiving complaints from the Plaintiff Allen, management at defendant's Wood Mill facility failed to take the appropriate remedial action in order to ensure that the racial and sexually derogatory comments ceased and Ms. Allen was provided with a professional work environment;

6. As a direct and proximate result of the defendant's failure to properly address this derogatory and hostile work environment, Ms. Allen suffered emotional distress, sought medical care, incurred medical bills and lost time from work;

7. The Defendant's Wood Mill facility breached its obligations to Plaintiff Allen by failing to provide her with a workplace that was free from a racially charged and sexually derogatory atmosphere as required by M.G.L. c. 151B, §4, ¶1;

8. As a direct and proximate result of the defendant's breach of its obligations under G.L. c. 151B, §4, ¶1, the Plaintiff Allen suffered extreme emotional distress, bodily injury, medical bills and lost wages.

WHEREFORE, the Plaintiff Alicia Allen respectfully requests that this Honorable Court enter a judgment against the Defendant Sunbridge Healthcare Corporation in an amount that it deems appropriate under the circumstances to compensate the Plaintiff Alicia Allen for her emotional distress, bodily injury, lost wages and medical bills as well as award all interest, costs and expenses.

### COUNT II/BREACH OF M.G.L. C. 151B, §4, ¶16A

The Plaintiff Allen hereby re-alleges the previous paragraphs of her Complaint and incorporates them by reference into this count against the Defendant Sunbridge Healthcare Corporation.

9. From approximately September 2002 through July of 2003, the Plaintiff Allen was the subject of derogatory and humiliating comments and remarks from co-workers based upon her sexual orientation (lesbian) while employed at the Defendant's Wood Mill facility;

10. The Plaintiff Allen made repeated requests to her supervisors at the Defendant's Wood Mill facility to address and rectify this sexually degrading atmosphere at her place of employment;

11. Despite the plaintiff's requests, the defendant's Wood Mill management failed to take the appropriate remedial measures, and the sexually harassing and derogatory comments continued, in violation of M.G.L. c. 151B, §4, ¶16A;

12. As a direct and proximate result of the defendant's breach of M.G.L. c. 151B, §4, ¶16A, the Plaintiff Allen sustained bodily injury, lost wages, medical bills and extreme emotional distress.

WHEREFORE, the Plaintiff Alicia Allen respectfully requests that this Honorable Court enter a judgment against the Defendant Sunbridge Healthcare Corporation in an amount that it deems appropriate under the circumstances to compensate the Plaintiff Alicia Allen for her bodily injury, extreme emotional distress, medical bills and lost wages as well as award all interest, cost and expenses.

### COUNT III/BREACH OF M.G.L. C. 214, §1C

The Plaintiff Allen re-alleges the previous paragraphs of her complaint and hereby incorporates them by reference against the Defendant Sunbridge Healthcare Corporation.

13. From approximately September 2002 through July 2003, the plaintiff was the subject of derogatory and humiliating comments from her co-employees concerning her sexual orientation (lesbian);

14. Despite the plaintiff's complaints to her supervisors to address and alleviate this sexually degrading harassment, the Defendant's Wood Mill management failed to take the appropriate remedial measures to ensure that Ms. Allen was provided a professional work environment in violation of M.G.L. c. 214, §1C;

3

WHEREFORE, the Plaintiff Alicia Allen respectfully requests that this Honorable Court enter a judgment against the Defendant Sunbridge Healthcare Corporation in an amount that it deems appropriate for its negligent infliction of emotional distress upon her as well as award all interest, costs and expenses.

**PLAINTIFF REQUESTS TRIAL BY JURY ON ALL COUNTS**

Date: 3/1/04

Respectfully submitted,
Plaintiff through counsel,

Simon Dixon, Esquire
DIXON & ASSOCIATES
599 Canal Street, 5th Floor – West
Lawrence, MA 01840
978-794-1623
BBO#: 546343

I HEREBY ATTEST AND CERTIFY ON
APRIL 28, 2004, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:

ASSISTANT CLERK.

Complaint 1-21-04

5

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04-0907 | Trial Court of Massachusetts Superior Court Department County: SUFFOLK |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| ALICIA ALLEN | SUNBRIDGE HEALTHCARE CORPORATION |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE PETER CALLAHAN, DIXON & ASSOCIATES, 599 CANAL STREET, 5TH FL- W. LAWRENCE, MA 01840 (978) 794-1623 Board of Bar Overseers number 558910 | ATTORNEY (if known) UNKNOWN |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | EMPLOYMENT DISCRIMINATION | F | (XX) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; Indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ........................................... $ 2,820.74
2. Total Doctor expenses ............................................ $
3. Total chiropractic expenses ...................................... $
4. Total physical therapy expenses .................................. $
5. Total other expenses (describe) ... AMBULANCE .................... $ 662.00
   Subtotal $ 3,482.74
B. Documented lost wages and compensation to date ... TO BE DETERMINED .. $
C. Documented property damages to date .............................. $
D. Reasonably anticipated future medical and hospital expenses ....... $
E. Reasonably anticipated lost wages ................................ $
F. Other documented items of damages (describe)
   $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   The plaintiff was the subject of demeaning and harassing behavior by her employer based upon her sexual orientation, Lesbian, and national origin, Jamaican. Extreme emotional distress which exact value must be ascertained by the finder of fact. The Superior Court has exclusive jurisdiction over the plaintiff's cause of action against the defendant. 151B/214 §1C

TOTAL $ 3,482.74

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $ 3,482.74

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with Information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _Peter Callahan_    DATE: 2/27/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

I HEREBY ATTEST AND CERTIFY ON APRIL 28, 2004, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK.

# Commonwealth of Massachusetts

4.

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION



No. 04-0907A

ALICIA ALLEN               , Plaintiff(s)

v.

SUNBRIDGE HEALTHCARE CORPORATION          , Defendant(s)

## SUMMONS

To the above-named Defendant: SUNBRIDGE HEALTHCARE CORPORATION

You are hereby summoned and required to serve upon PETER CALLAHAN, ESQ., DIXON & ASSOCIATES
plaintiff's attorney, whose address is 599 CANAL ST, 5TH FL-W, LAWRENCE, MA , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the 13TH day of FEBRUARY , in the year of our Lord two thousand AND FOUR .

*Michael Joseph Donovan*
Clerk/Magistrate

NOTES
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT - (2) MOTOR VEHICLE TORT - (3) CONTRACT - (4) EQUITABLE RELIEF - (5) OTHER

FORM CIV.P. 1 3rd Rev.

NOTICE TO DEFENDANT – You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

I HEREBY ATTEST AND CERTIFY ON
APRIL 28, 2004 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK.

*Suffolk Superior civil # 04-0907 A*

**COPY**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04 10805 RC

ALICIA ALLEN,
    Plaintiff,

v.

SUNBRIDGE HEALTHCARE CORPORATION,
    Defendant.

Civil Action No.

I HEREBY ATTEST AND CERTIFY ON 4/22/04
THAT THE FOREGOING DOCUMENT IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL ON FILE
IN MY OFFICE AND IN MY LEGAL CUSTODY.

CLERK, U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BY

### NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

SunBridge Healthcare Corporation respectfully submits that:

1. On or about March 29, 2004, Plaintiff caused to be served upon SunBridge Healthcare Corporation a Summons and Complaint and Request for Trial by Jury, together with related papers and discovery requests in the matter entitled <u>Alicia Allen v. SunBridge Healthcare Corporation</u>, (Commonwealth of Massachusetts, Suffolk Superior Court, Civil Action No. 04-0907A). Copies of the above-described documents are attached hereto as <u>Exhibit A</u>.

2. The documents attached as <u>Exhibit A</u> constitute all process, pleadings and orders served upon Defendant in this matter to date.

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. Section 1332, because the action is between parties with a diversity of citizenship and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Plaintiff states she is a resident of the Commonwealth of Massachusetts. Defendant is a New Mexico corporation with its principal place of business in Albuquerque, New Mexico.

04 10805 RCL

4. Defendant will notify the Suffolk Superior Court and all adverse parties of this Notice of Removal by filing with the court a Notice of Filing of Notice of Removal. A copy of that notification, which will be sent to the Suffolk Superior Court, is attached hereto as <u>Exhibit B</u>.

I HEREBY ATTEST AND CERTIFY ON APRIL 28, 2004, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR/CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK.

Date: April 22, 2004

Respectfully submitted,

SUNBRIDGE HEALTHCARE CORPORATION
By its attorneys,

_____
David J. Kerman (BBO# 269370)
Kavita M. Goyal (BBO #654013)
JACKSON LEWIS LLP
75 Park Plaza, 4th Floor
Boston, MA 02116
(617) 367-0025

### CERTIFICATE OF SERVICE

A copy of the above document was served this 22 day of April 2004, by first class mail, postage prepaid, to attorney for the Plaintiff, Peter Callahan, Esq., Dixon & Associates, 599 Canal Street, 5th Floor-West, Lawrence, MA 01840.

_____
Jackson Lewis LLP

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss    SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT

ALICIA ALLEN,
    Plaintiff,

v.    Civil Action No. 04-0907A

SUNBRIDGE HEALTHCARE CORPORATION,
    Defendant.

### NOTICE OF FILING OF NOTICE OF REMOVAL

To:    Civil Clerk's Office
Suffolk County Superior Court
US Post Office & Courthouse
90 Devonshire Street, 8th Floor
Boston, MA 02109

PLEASE TAKE NOTICE that a Notice of Removal in the above action from the Superior Court, Suffolk County, has been duly filed in the U.S. District Court for the District of Massachusetts. Attached hereto is a certified copy of that Notice of Removal.

Respectfully submitted,

SUNBRIDGE HEALTHCARE CORPORATION
By its attorneys,

_____
David J. Kerman (BBO# 269370)
Kavita M. Goyal (BBO #654013)
JACKSON LEWIS LLP
75 Park Plaza, 4th Floor
Boston, MA 02116
(617) 367-0025

Date: April 23, 2004

## CERTIFICATE OF SERVICE

A copy of the above document was served this 23rd day of April 2004, by first class mail, postage prepaid, to attorney for the Plaintiff, Peter Callahan, Esq., Dixon & Associates, 599 Canal Street, 5th Floor-West, Lawrence, MA 01840.

_____
Jackson Lewis LLP

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT DEPARMENT
DOCKET #: 04-0907A

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
ALICIA ALLEN,
PLAINTIFF

VS.

SUNBRIDGE HEALTHCARE
CORPORATION,
DEFENDANT
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF ALICIA ALLEN'S FIRST SET OF INTERROGATORIES TO THE DEFENDANT SUNBRIDGE HEALTHCARE CORPORATION

The plaintiff requests that the **Defendant Sunbridge Healthcare Corporation** answer the following interrogatories by filing and serving his answers on plaintiff's attorney, Peter Callahan, Esq., Dixon & Associates, 599 Canal Street, 5th Floor – West, Lawrence, MA 01840.

In answering each of the following interrogatories, you are required to make such inquiry of your principals, agents, servants and attorneys as will enable you to make complete and true answers to interrogatories, and examine all bills, letters, files and any other documents which in any way refer to the transaction reported to have taken place.

Also, in answering each of the following interrogatories:

(a)  Identify any document relied upon on which forms a basis for the answer given by date, sender, recipient, location and custodian; and

(b)  State whether the information furnished is within the personal knowledge of the person answering and, if not, give the name of each person to whom the information is a matter of personal knowledge; and

1

(c)     Identify each person who assisted or participated and/or supplying any of the information given in answering the interrogatories by supplying the name and addresses of each such person.

For the purpose of these interrogatories, the following definitions apply:

(a)     The term "document" as used herein includes: writing, drawings, graphs, charts, photographs, recordings, data compilation (translated if necessary by the respondent through dictation devices into reasonable usable form), contracts, agreements, correspondence, memoranda, reports, notes, requests, bills, orders, notices, writs, declarations, complaints, answers, and other films, newspaper clippings, and all other writings and recordings of whatever nature, whether signed or unsigned, transcribed or not and whether or not any privilege is asserted; and

(b)     The term "defendant" and "you" or "your" includes defendants, principals, agents, counsel, employees, officers, trustees, partners, or other persons acting for or on behalf of the defendants.

## INTERROGATORIES

1.     In complete and full detail, please recite the following with respect to the plaintiff's employer while she was working at 800 Essex Street, Lawrence, MA between January 16, 2002 and the present:

(a)     Its complete legal name on the date of answering these interrogatories;
(b)     The complete name and address of the registered agent appointed to receive civil process on its behalf.

2

7. Please provide names and residential addresses of all of defendant's Wood Mill employees at the 800 Essex Street, Lawrence, MA facility between January 16, 2002 and July 30, 2003.

8. In complete and full detail, please provide the following concerning any and all liability insurance policies available to indemnify the Defendant Sunbridge for any and all claims made against it based upon sexual or national origin harassment and discrimination between September 1, 2002 and September 1, 2003:

(a) The name and address of the insurance company providing said insurance;
(b) Policy limits available as well as any exclusions;
(c) The claim number assigned to claims brought by the instant Plaintiff Alicia Allen.

Respectfully submitted,
Plaintiff through counsel,

Date: 3/4/04

Peter Callahan, Esq.
DIXON & ASSOCIATES
599 Canal Street
5th Floor – West
Lawrence, MA 01840
978-794-1623
BBO#: 558910

Ints to Def 1-22-04

4

2. Copies of each and every statement of the Plaintiff Alicia Allen, either in writing or orally and reduced to writing, pertaining to her allegations of harassment based upon her sexual orientation and national origin, in the possession, custody or control of the Defendant Sunbridge, its agents, servants and/or employees.

3. Copies of each and every statement obtained by the Defendant Sunbridge, its agents, servants and/or employees, from any witness during its investigation into the allegations made by the plaintiff Alicia Allen that she was the subject of discriminatory harassment based upon her national origin and sexual orientation.

4. Copies of each and every e-mail, interoffice memorandum or letter generated as a result of the investigation implemented by the Defendant Sunbridge, its agents, servants and/or employee in response to the Plaintiff Alicia Allen's allegations that she was the subject of harassment based upon her sexual orientation and national origin in the possession, custody or control of Sunbridge.

5. Copies of each and every document evidencing Sunbridge's policies and procedures concerning sexual harassment and national origin harassment which was in effect between January 2002 and July 2003 for its Wood Mill facility located at 800 Essex Street, Lawrence, MA.

6. Copies of each and every report, statement, e-mail or document generated by Mr. Chris Gillisen, Administrator at Sunbridge's Lawrence, MA facility pertaining to the allegations made by the Plaintiff Alicia Allen that she was the subject of harassment based upon her sexual orientation and national origin.

7. Copies of each and every statement, report, e-mail or document generated by Mayra Cashman, Director of Nursing Services, at Sunbridge's Lawrence, MA Wood Mill facility, pertaining to the allegations made by the Plaintiff Alicia Allen that she was the subject of sexual harassment based upon her sexual orientation and national origin.

2

8. Copies of each and every statement obtained by the Defendant Sunbridge, its agents, servants and/or employees, from a Ms. Alex Baez, CNA, Ms. Luz Delacruz, CNA and Ms. Mary Thomas, CNA pertaining to allegations made by the Plaintiff Alicia Allen that she was the subject of discriminatory and harassing remarks based on her national origin or her sexual orientation.

9. Copies of each and every statement obtained by the Defendant Sunbridge, its agents, servants and/or employees from a Ms. Christina Yost, Nursing Supervisor, during its investigation into the claim by Alicia Allen that she was the subject of discriminatory and harassing behavior based upon her national origin and sexually orientation.

10. Copies of each and every first report of injury in the possession, custody or control of the Defendant Woodmill, its agents, servants and/or employees pertaining to the Plaintiff Alicia Allen's alleged fall that occurred at Sunbridge's Lawrence, MA facility on or about July 25, 2003;

11. Copies of each and every memorandum, letter, e-mail or report or transcript evidencing the August 5, 2003 review by Wood Mill personnel of its sexual and anti-harassment policy concerning complaints of sexual or national origin harassment in the possession, custody or control of Sunbridge.

Respectfully submitted,
Plaintiff through counsel,

Date: 3/8/04

Peter Callahan, Esq.
DIXON & ASSOCIATES
599 Canal Street
5th Floor – West
Lawrence, MA 01840
978-794-1623
BBO#: 558910

RPD's to Def 1-22-04

3

# EXHIBIT B