UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. #: 04-10805-RCL

FILED
IN CLERKS OFFICE
2004 MAY 25  P 1:41
U.S. DISTRICT COURT
DISTRICT OF MASS.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ALICIA ALLEN,           \*
PLAINTIFF               \*
                        \*
VS.                     \*
                        \*
SUNBRIDGE HEALTHCARE    \*
CORPORATION,            \*
DEFENDANT               \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### PLAINTIFF ALICIA ALLEN'S MOTION TO REMAND CASE TO SUFFOLK SUPERIOR COURT

NOW comes the instant Plaintiff, Alicia Allen, and respectfully requests that this Honorable Court remand the matter to Suffolk Superior Court where plaintiff originally filed the case involving discrimination or about March 30, 2004, Docket#: SUCV2004-907-A.

In support of this motion, plaintiff recites the following:

1.  Plaintiff alleges that she was discriminated based on her sexual preferences and race. Plaintiff filed the complaint at the Suffolk Superior Court, SUCV2004-907-A on March 30, 2004 reciting only violations of State law: Breach of G.L. c. 151B (Counts I and II); Breach of G.L. c. 214 §1C (Count III); Negligent Infliction of Emotional Distress (Count V). The plaintiff has not referenced violations of any federal statutes in her complaint **(Exhibit A – copy of Original and Amended Complaint filed in superior court).**

2.  Defendant removed plaintiff's complaint from State to Federal Court based upon 28 USC §1322 alleging that there exists diversity of citizenship and that the amount in controversy will exceed the sum of Seventy Five Thousand Dollars ($75,000.00), exclusive of interests and costs. Defendant does not allege that plaintiff's allegations involve violations of Federal Statutes. The defendant's

1

Notice to Remove only recites that "this Court has original jurisdiction over this action pursuant to 28 USC §1332, because the action is between parties with diversity of citizenship and the amount in controversy exceeds the sum of Seventy Five Thousand Dollars, exclusive of interests and costs..." without providing facts to support its contention that plaintiff's amount in controversy will exceed Seventy Five Thousand Dollars ($75,000.00). Defendant's Notice to Remove merely provides verbatim language found in 28 USC 1332.

3. Case law has determined that it is the moving parties burden to demonstrate to the court by a preponderance of the evidence that the amount in controversy will exceed the sum of Seventy Five Thousand Dollars ($75,000.00). "When federal complaint alleges sufficient amount in controversy to establish diversity jurisdiction, but opposing party or court questions whether amount alleged is legitimate, party invoking Federal jurisdiction must prove requisite amount by preponderance of evidence." State of Mo. ex rel. Pemiscot County, Mo. v. Western Sur. Co., C.A. 8 (Mo.) 1995, 51 F.3d. 170; Gober vs. AllState Ins. Co., S.D. Miss. 1994, 855 F.Supp. 158. Defendant merely recites the removal statute to support its contention that plaintiff's claims will exceed Seventy Five Thousand Dollars ($75,000.00) without providing any factual basis to support its allegations.

4. "Amount in controversy, for purposes of diversity jurisdiction, is determined from the face of the complaint, unless it appears that amount stated was not claimed in good faith." Nieves Domenech vs. Dymax Corp. D.P.R. 1996, 952 F.Supp. 57. Plaintiff's complaint (**Exhibit A**) only references violations of State laws, to wit: G.L. c. 151B and G.L. c. 214 §1C. Plaintiff's complaint does not recite that the amount in controversy is in excess of Seventy Five Thousand Dollars ($75,000.00). Moreover, the statutes references in plaintiff's complaint provides the State Superior Court with jurisdiction regardless on the amount in controversy.

5. Defendants must prove beyond a preponderance of the evidence that the amount in controversy exceeds, not just achieve such amount, for Federal Court to have

2

diversity jurisdiction. <u>Anthony v. Security Pacific Financial Services, Inc.</u>, C.A. 7 at (Ill.) 1996, 75 F.3d. 311. The requirement of the amount in controversy in diversity cases must be narrowly construed so as not to frustrate congressional purpose behind it: to keep diversity caseload of Federal Courts under some modicum of control. <u>Pierson vs. Source Perrier</u>, S.A., E.D. Pa. 1994, 848 F.Supp. 1186.

6. Defendant failed to provide plaintiff with its Notice to Remove Plaintiff's Complaint to Federal Court in a timely manner. Plaintiff did not receive the Notice to Remove her claim from State to Federal Court until plaintiff's attorneys requested copies of the Notice to Remove which eventually was provided to plaintiff's attorney on May 14, 2004 by fax even though the Notice to Remove was filed with the Federal Court on or about April 22, 2004 **(Exhibit B – Attorney Simon Dixon's Affidavit)**. Plaintiff filed complaint on March 30, 2004 with the Suffolk Superior Courthouse **(Exhibit C – Tracking Order)**. On April 16, 2004, defendant, through its attorneys, asked for additional time up to May 7, 2004 to serve an answer to Plaintiff's Complaint. Attorney Goyal's letter only references the superior court docket number of 04-907-A **(Exhibit D – defendant's letter dated April 16, 2004)**. On May 7, 2004, defendant enclosed answers to Plaintiff's Complaint referencing for the very first time the U.S. District Court docket number 04-10805-RCL **(Exhibit E)**. On or about such time, Attorney Dixon, on behalf of the plaintiffs spoke with defendant's counsel, David J. Kerman. The conversations occurred on May 13th and 14th of 2004. Attorney Kerman informed Attorney Simon Dixon, plaintiff's counsel, that he would waive any defenses involving untimely filing of Plaintiff's Motion to Remand Case to Superior Court. The conversations were crystallized with two letters dated May 13th and 14th of 2004 **(Exhibit F)**.

7. Plaintiff alleges that defendant failed to provide any facts to substantiate its argument that the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00). Since the defendant failed to produce any information to substantiate that the amount in controversy will exceed Seventy Five Thousand

Dollars ($75,000.00), plaintiff moves this Court to remand plaintiff's case to Suffolk Superior Court.

WHEREFORE, the plaintiff respectfully requests that this Honorable Court remand plaintiff's complaint to Suffolk Superior Court since defendant failed to demonstrate to this Court by a preponderance of the evidence that the amount in controversy will exceed Seventy Five Thousand Dollars ($75,000.00).

Date: 5/24/04

Respectfully submitted,
Plaintiff through counsel,

Simon Dixon, Esq.
DIXON & ASSOCIATES
599 Canal Street, 5th Floor – West
Lawrence, MA 01840
(978) 794-1623
BBO#: 546343