UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUN -4 P 1: 26

U.S. DISTRICT COURT
DISTRICT OF MASS.

ALICIA ALLEN,
    Plaintiff,

v.

SUNBRIDGE HEALTHCARE CORPORATION,
    Defendant.

Civil Action No. 04-10805-RCL

## OPPOSITION OF DEFENDANT TO PLAINTIFF'S MOTION TO REMAND CASE TO SUFFOLK SUPERIOR COURT

### INTRODUCTION AND SUMMARY

Defendant SunBridge Healthcare Corporation ("SunBridge") hereby opposes Plaintiff's motion to remand the case to Massachusetts state court. This action was removed to this Court based upon the parties' diversity of citizenship and the amount in controversy exceeding $75,000.00. The gravamen of Plaintiff's Amended Complaint is that she was subjected to racial and sexual harassment for a period of time during her on-going employment that created a hostile work environment, in violation of the Massachusetts anti-discrimination statute, G.L. c. 151B. (Counts I and II). Plaintiff alleges that despite her complaints to Defendant's management about the harassment, Defendant failed to take appropriate remedial action and the harassment continued.[1] Plaintiff contends that she was forced to seek medical treatment as a result of Defendant's conduct, and she claims that she is entitled to recover an unspecified amount of damages for "extreme emotional distress," as well as punitive damages, and an award of attorney's fees.

---

[1] Plaintiff also contends that Defendant's conduct violated the Massachusetts Sexual Harassment Statute, G.L. c. 214, §1C, and also gives rise to a claim for the negligent infliction of emotional distress (Counts III and IV).

As discussed below, numerous courts have recognized that where, as here, a plaintiff seeks unspecified compensatory and punitive damages, as well as statutorily-authorized attorney's fees, a defendant is entitled to remove the case to federal court on the grounds that the amount in controversy is likely to exceed $75,000.00. Not only should Plaintiff's motion to remand be denied for this reason, but remand is also inappropriate because it is undisputed that Defendant was willing to assent to Plaintiff's motion if she would stipulate that she was not seeking to recover damages in excess of $75,000.00 in state court, but she refused to do so.

## ARGUMENT

### I. The Jurisdictional Amount In Diversity Cases Is Satisfied When A Plaintiff Seeks Unliquidated Compensatory And Punitive Damages And An Award Of Statutory Attorney's Fees

Plaintiff's motion to remand is based primarily on her contention that her complaint "does not recite that the amount in controversy is in excess of Seventy Five Thousand Dollars ($75,000.00)." However, it is settled that in evaluating a remand motion when the complaint does not set forth the aggregate damages sought, the removing party satisfies its burden of showing that removal was proper if the court finds it "facially apparent" that the plaintiff's claimed damages likely exceed $75,000.00. See Lewis v. State Farm Lloyds, 205 F. Supp. 2d 706, 708 (S.D. Tex. 2002) (citing Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).

Indeed, a number of courts have held that where a plaintiff seeks the type of compensatory and punitive damages (along with statutory attorney's fees) claimed in this lawsuit, removal is appropriate under diversity jurisdiction, 28 U.S.C. §1332.[2] See Ansley v. Metro. Life Ins. Co., 215 F.R.D. 575, 577 (D. Ariz. 2003)(denying plaintiff's motion to remand

---

[2] Under the provisions of G.L. c. 151B, there is no "cap" on the amount of compensatory and punitive damages that an employee can recover; a prevailing employee is also entitled to seek recovery of reasonable attorney's fees. G.L. c. 151B §9.

2

and holding that "[f]or purposes of calculating the amount in controversy, in addition to considering a plaintiff's potential compensatory damages, a court may consider a plaintiff's potential punitive damages as well as a potential award of attorney's fees, if such fees are authorized."); Lewis, 205 F. Supp. 2d at 708 (defendant established that removal of the action was appropriate where plaintiff sought unliquidated emotional distress damages, punitive damages, and attorney's fees).

Federal courts in this Circuit have similarly recognized that requests for punitive damages, emotional distress damages and statutory attorney's fees can be appropriately considered in determining the amount in controversy in diversity cases. See F.C.I. Realty Trust v. Aetna Casualty & Sur. Company, 906 F. Supp. 30, 32 (D.Mass. 1995) (noting that availability of punitive damages can be considered in determining the jurisdictional amount); Department of Recreation & Sports v. World Boxing Ass'n 942 F.2d 84, 89 (1st Cir. 1991) (recognizing that attorney's fees can constitute part of the amount in controversy under 28 U.S.C. §1332 where a statute mandates or allows payment of such fees); Duchesne v. American Airlines, Inc., 758 F.2d 27, 29 (1st Cir. 1985) (plaintiff's asserted damages for pain and suffering can be properly considered in determining jurisdictional amount in controversy).

In addition, when employees such as Plaintiff have asserted claims alleging discriminatory or retaliatory treatment, courts have not hesitated to find that the jurisdictional amount in controversy has been satisfied, given the substantial damages that aggrieved employees can potentially recover. See e.g., Simmons v. PCR Tech., 209 F. Supp. 2d 1029, 1033-34 (N.D. Cal 2002) (denying motion to remand in action alleging discrimination and retaliation, and citing substantial awards for punitive damages and emotional distress damages in employment cases); Wiemers v. Good Samaritan Soc'y., 212 F. Supp. 2d 1042, 1047-48 (N.D.

3

Iowa 2002)(same). In fact, Massachusetts courts have frequently upheld substantial awards for emotional distress damages and punitive damages in employment discrimination cases under G.L. c. 151B. See Dalrymple v. Town of Winthrop, 50 Mass App. Ct. 611, 621 & n. 14 (2000), rev. denied, 434 Mass. 1101, (2001)(upholding awards of $200,000.00 for emotional distress and $300,000.00 for punitive damages); Zimmerman v. Direct Fed. Credit Union, 121 F. Supp. 2d 133, 146-47 (D.Mass. 2000) aff'd, 262 F.3d 70, 81-85 (1st Cir. 2001) (affirming $400,000.00 punitive damages award on retaliation claim); City of Salem v. Massachusetts Comm'n Against Discrimination, 44 Mass App. Ct. 627, 645-46 and n. 26 (1998) (upholding emotional distress award of $100,000.00); see also, Clifton v. MBTA, 11 Mass. L. Rptr. 316, 323-24, 2000 Mass. Super. LEXIS 22 (Mass. Super. Ct. 2000) (upholding $500,000.00 award for emotional distress and ordering remittitur of punitive damages from $5 million to $500,000.00).

Based upon these legal precedents, Defendant has demonstrated that the relief sought by Plaintiff in this action places the amount in controversy in excess of $75,000.00, and accordingly, Plaintiff's motion to remand should be denied.

## II.     Plaintiff's Motion To Remand Should Be Denied In Light Of Her Inconsistent Conduct With Regard To The Amount In Controversy

Not only should Plaintiff's remand motion be denied for the reasons stated above, but Plaintiff's motion should also be denied because of her inconsistent conduct regarding whether her claims satisfy the jurisdictional amount for removal. Before filing her motion, Plaintiff notified Defendant that she objected to Defendant's removal because of her belief that the amount in controversy did not exceed $75,000.00. In response to Plaintiff's objection, Defendant stated that it was willing to assent to a motion to remand the case, so long as Plaintiff agreed to stipulate that she would not seek to recover damages in state court in excess of $75,000.00. Plaintiff refused to agree to such a stipulation, and has insisted in pursing this

motion to remand. Courts have recognized that such inconsistent behavior by a plaintiff seeking to defeat removal should not be countenanced. See Hayes v. Equitable Energy Resources Co., 266 F.3d 560, 573 (6th Cir. 2001) (denying motion to remand, and noting that plaintiffs "expressly refused to stipulate to a damages amount falling under the amount in controversy requirement."); Ansley, 215 F.R.D. at 577 (denying motion to remand, and noting that plaintiff had refused to agree not to seek more than $75,000.00 in damages in exchange for defendant's withdrawing its notice of removal); Callaway v. BASF Corp., 810 F. Supp. 191, 193 (S.D. Tex. 1993) (denying plaintiff's motion to remand in wrongful termination and tort action seeking actual and punitive damages, with court emphasizing that plaintiff had "explicitly declined to stipulate" that amount in controversy was less than jurisdictional limit: "Plaintiff cannot avoid removal simply by refusing to state whether he is seeking more or less than [jurisdictional] amount.")

Accordingly, Plaintiff's explicit refusal to stipulate that she is seeking less than $75,000.00 constitutes a separate and independent reason for denying her motion to remand.

## CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that Plaintiff's Motion To Remand be denied.

Respectfully submitted,

SUNBRIDGE HEALTHCARE CORPORATION
By its attorneys,

David J. Kerman (BBO# 269370)
Kavita M. Goyal (BBO #654013)
JACKSON LEWIS LLP
75 Park Plaza, 4th Floor
Boston, MA 02116
(617) 367-0025

Date: June 4, 2004

## CERTIFICATE OF SERVICE

A copy of the above document was served this 4th day of June 2004, by first class mail, postage prepaid, to attorney for the Plaintiff, Simon Dixon, Esq., Dixon & Associates, 439 South Union Street, Building #2, Suite 202, South Lawrence, MA 01843.

Jackson Lewis LLP