UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET#: 04-10805-NMG

```
*******************************
ALICIA ALLEN,                 *
PLAINTIFF                     *
                              *
                              *
VS.                           *
                              *
SUNBRIDGE HEALTHCARE          *
CORPORATION,                  *
DEFENDANT                     *
*******************************
```

## ASSENTED TO MOTION TO CONTINUE PROPOSED PRE-TRIAL SCHEDULE AND DISCOVERY PLAN

NOW come the instant parties through counsel and respectfully agree to continue the proposed pre-trial schedule and discovery plan filed with the United States District Court on June 10, 2004 (Exhibit A). The parties agree to continue the pre-trial schedule and discovery dates for one additional month set forth for each occurrence. Thus, the parties agree to provide a new proposed pre-trial schedule and discovery deadline which will set forth the following dates:

1. January 30, 2005 (Changed from December 30, 2004)

   Deadline for completion of all fact, discovery, including request for production of documents, interrogatories and fact witness depositions. The parties agree that each side is allowed to take one deposition in excess of seven hours.

2. March 28, 2005 (Change from February 28, 2005)

   Deadline for filing dispositive motions if any party determines that such a motion is appropriate.

3. June 29, 2005 (Changed from May 29, 2005)

   Plaintiff to disclose her expert and expert reports.

4.   August 1, 2005 (Changed from July 1, 2005)

   Defendant to disclose its expert and expert reports.

5.   September 15, 2005 (Changed from August 15, 2005)

   Depositions of Plaintiff's and Defendant's experts to be completed.

The parties agree to extend the discovery deadlines and other pre-trial schedules for one additional month for each occurrence with the approval of the court.

WHEREFORE, the parties respectfully request that this Honorable Court approve the new proposed pre-trial schedule and discovery plan as amended to include an additional thirty (30) days for each scheduled deadline.

Respectfully submitted,
Plaintiff through counsel,

_____
Simon Dixon, Esq.
BBO#: 546343
DIXON & ASSOCIATES
439 South Union Street, Suite 202
Lawrence, MA 01843
(978) 794-1623

Dated: 12/3/04

Mot Ext Discovery Assented 12-3-04

SunBridge HealthCare Corp.
Through Counsel,

_____
David J. Kerman, Esq.
Jackson Lewis, LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025
BBO #269370

Dated: 12/3/04

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALICIA ALLEN,<br>　　　　Plaintiff,<br><br>v.<br><br>SUNBRIDGE HEALTHCARE CORPORATION,<br>　　　　Defendant. | Civil Action No. 04-10805-RCL |

## JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1(D)

The parties submit this Joint Statement pursuant to Local Rule 16.1 of the United States District Court for the District of Massachusetts and the Court's Notice of Scheduling Conference. The parties present the following summaries of their respective positions in this case and agree and request that the Court approve the following proposed Pretrial Schedule and Discovery Plan:

### Concise Summary of Position Asserted By Plaintiff

Plaintiff, Certified Nursing Assistant (CNA) employed by Woodmill Rehabilitation and Nursing Center in Lawrence, MA from January 16, 2002 to the present. Ms. Allen was harassed throughout her employment as a result of her sexual preference. Ms. Allen has been discriminated against by co-workers. She was called names like "nigger" and "lesbian" by Mary Thomas, Alex and Luz Delacruz, and Martina Pina. Furthermore, they told patients and co-workers to stay away from her and not to talk to her because she was "a no good lesbian". Consistently, she reported this type of statements by her co-workers to her supervisors, Stacy Proia, Patty Cashman and Christina Houst. Supervisors did not take any steps to remedy the situation leading to the abuse to continue. Chris Gillissen, administrator for the facility also knew of this harassment and failed to correct the continuing abuse. Ms. Allen suffered stress and aggravation as a result of the continuing harassment.

## Concise Summary of Position Asserted By Defendant

Plaintiff, a certified nursing assistant ("CNA"), has been employed by the Defendant at its Wood Mill Rehabilitation and Nursing Center in Lawrence Massachusetts from January 16, 2002 to the present. In June 2003, Plaintiff reported that she had been told by other employees that certain co-workers allegedly had made derogatory comments about Plaintiff's race and sexual orientation. Plaintiff did not have any personal knowledge of these alleged comments. The Defendant promptly investigated the matter and the allegations could not be substantiated. Nonetheless, the Defendant conducted training sessions for its staff, and these sessions emphasized the Defendant's anti-harassment policies and complaint procedure. Plaintiff has remained employed at the facility in a full-time position since her June 2003 complaint.

Defendant denies that Plaintiff was subjected to a hostile work environment in violation of G.L. c. 151B (Counts I and II), because the evidence will show that Defendant took prompt remedial action once it learned of Plaintiff's allegations. In addition, Plaintiff's hostile work environment claim is legally deficient for the independent reason that she cannot establish that the alleged harassment was severe or pervasive, as required under by G.L. c. 151B.

Plaintiff's remaining claims are barred as a matter of law. Specifically, Plaintiff cannot assert a claim under the Massachusetts Sexual Harassment Act, G.L. c. 214, §1C (Count III), because such a claim is preempted by the statutory provisions of G.L. c. 151.B. Finally, Plaintiff's common law claim for negligent infliction of emotional distress is barred by the exclusivity provisions of the Massachusetts Workers' Compensation Act, G.L. c. 152, §§1 and 24.

## Proposed Pretrial Schedule and Discovery Plan

| | |
|---|---|
| December 30, 2004 | Deadline for completion of all fact discovery, including requests for production of documents, interrogatories and fact witness depositions. The parties agree that each side is allowed to take one deposition in excess of seven hours. |
| February 28, 2005 | Deadline for filing dispositive motions, if any party determines that such a motion is appropriate. |
| March 28, 2005 | Deadline for filing oppositions, if any, to dispositive motions. A moving party may file a reply to the opposition of the responding party. |
| May 29, 2005 | Plaintiff to disclose her experts and expert reports. |
| July 1, 2005 | Defendant to disclose its experts and expert reports. |
| August 15, 2005 | Depositions of Plaintiff's and Defendant's experts to be completed. |

The parties further understand and agree that this discovery schedule assumes the cooperation of the parties, all third party witnesses and expert witnesses. The parties further agree that requests for additional time for discovery may be made and shall be reasonably agreed to in the event of delays occasioned by discovery disputes requiring a decision by the Court, and/or the unavailability of fact or expert witnesses due to vacation or work schedules.

### SETTLEMENT

On June 9, 2004, Plaintiff made a settlement demand of $60,000.00. Defendant has not yet had an opportunity to review and respond to Plaintiff's demand.

### CERTIFICATIONS

Local Rule 16.1(D)(3) certifications will be filed by each of the parties under separate cover. The parties decline to have a trial in front of a Magistrate.

WHEREFORE, Plaintiff and Defendant respectfully request that the Court approve their Proposed Pretrial Schedule and Discovery Plan, with such amendments as the Court deems just and proper.

Respectfully submitted,

SUNBRIDGE HEALTHCARE CORPORATION
By its attorneys,

_____
David J. Kerman (BBO# 269370)
Kavita M. Goyal (BBO #654013)
JACKSON LEWIS LLP
75 Park Plaza, 4th Floor
Boston, MA 02116
(617) 367-0025

Date: June 10, 2004

ALLICIA ALLEN,
By her Attorney,

_____ (KMG)
Simon Dixon (BBO # 546343)
Dixon & Associates
439 South Union Street
Building #2, Suite 202
South Lawrence, MA 01843
(978) 794-1623

Dated: June 10, 2004

### CERTIFICATE OF SERVICE

A copy of the above document was served this 10th day of June 2004, by first class mail, postage prepaid, to attorney for the Plaintiff, Simon Dixon, Esq., Dixon & Associates, Heritage Place, 439 South Union Street, Building #2, Suite 202, S. Lawrence, MA 01843

_____
Jackson Lewis LLP

## CERTIFICATE OF SERVICE

I, Simon Dixon, as an attorney of record for the plaintiff do hereby say and depose that I mailed a copy of the foregoing **Assented to Motion to Continue Proposed Pre-Trial Schedule and Discovery Plan** to wit:

David J. Kerman, Esq.
Jackson/Lewis
75 Park Plaza
Boston, MA 02116

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY
THIS 3rd DAY OF DECEMBER 2004

_____
Simon Dixon, Esq.